39   233
121a 653

WILLIAM B. WEAVER, RESPONDENT, *v.* AUGUSTUS EDWARDS AND OTHERS, AS EXECUTORS OF GUSTAVUS V. EDWARDS, DECEASED, APPELLANTS, IMPLEADED, ETC.

*Satisfaction of a mortgage procured by fraud — right of the mortgagee to have its lien re-established as against junior mortgagees.*

In March, 1870, one Broadwell mortgaged certain land, then owned by him, to the plaintiff, the mortgage being duly recorded. In January, 1873, he gave a second mortgage upon the same premises to one Edwards, who knew of the plaintiff's mortgage, which latter mortgage was also duly recorded. In December, 1873, Broadwell, by deceit, induced the plaintiff to take a conveyance of the land in satisfaction of his mortgage and also to satisfy it of record, the plaintiff being then informed by Broadwell there was no other mortgage upon the property. The executors of Edwards, who died in 1874, seeing that the plaintiff's mortgage was satisfied on the records, and supposing that their mortgage was a first lien, neglected for some eight years to enforce it. The Edwards mortgage was payable in six annual installments, beginning on January 1, 1874. The interest was paid annually until January, 1881; and until the expiration of nearly two years after the whole of the mortgage became due Broadwell had personal property from which the principal and interest falling due in any year could have been collected.

In 1882, the plaintiff brought this action to set aside the satisfaction of the mortgage and also the deed to him, and to have his mortgage restored as a lien prior to that of the defendants, and to have the same foreclosed:

*Held*, that he was entitled to the relief sought.

APPEAL from a judgment in favor of the plaintiff, entered in Clinton county, March 10, 1885, upon the report of a referee.

The action was brought to set aside a warranty deed given to the plaintiff in December, 1873, by the defendant Broadwell, to revive and restore of record a mortgage on the premises conveyed, given to the plaintiff by Broadwell in March, 1870, which plaintiff satisfied when he received the said deed, and to have such mortgage adjudged a prior lien to a mortgage given by Broadwell to the defendants' tes-

tator in January, 1873, subsequent to that of the plaintiff, but of record before he satisfied the same, on the ground of certain fraudulent representations of Broadwell, and for a foreclosure of plaintiff's satisfied mortgage.

The defense set up was: 1st. Plaintiff accepted a warranty deed of Broadwell, relying thereon, with full knowledge of defendants' mortgage; and 2d. That defendants would have collected their bond and mortgage of Broadwell as the same became due, when he had an abundance of property to pay the same, except for the fact that the public records of Clinton county showed that plaintiff's mortgage had been paid, satisfied and discharged, and that their mortgage was the first lien and abundantly secured; and that defendants first heard of plaintiff's claim about the time of the commencement of this action, when Broadwell had become insolvent, and defendants could not collect of him, personally, any part of their bond and mortgage.

*Beckwith, Barnard & Wheeler*, for the appellants.

*H. S. Johnson*, for the respondent.

LEARNED, P. J.:

The facts are simple. One Broadwell mortgaged land to plaintiff and the mortgage was duly recorded. Then Broadwell mortgaged the same land to one Edwards, and this second mortgage was also duly recorded and subsequently to the other. Afterwards Broadwell, by deceit, induced plaintiff to take a conveyance of the land in satisfaction and to satisfy his mortgage. Plaintiff was then informed by Broadwell that there was no other mortgage on the property than his own, and was ignorant of the existence of this second mortgage.

On the death of Edwards, in 1874, Augusta Edwards and other defendants were appointed his executors, and seeing that plaintiff's mortgage was satisfied on the records, and therefore, supposing that the mortgage of their testator was the first lien, they neglected for some eight years to enforce that mortgage.

This second mortgage was payable in six annual installments, the first, January 1, 1874. The interest was paid annually to January, 1881. Until nearly two years after the whole of this mortgage

became payable, Broadwell had sufficient personal property from which to collect principal and interest falling due in any year prior to January, 1881.

The plaintiff brings this action to set aside the satisfaction and the deed, to restore the mortgage as a lien prior to defendants' mortgage and to foreclose. This relief was granted and defendants appeal.

There is no question as to plaintiff's right to this relief as against Broadwell. The only question is whether the equity of the executors of Edwards is superior to that of plaintiff. When Edwards took this mortgage, the plaintiff's mortgage was on record. Therefore Edwards had notice of it; and his executors cannot object to a restoration of the lien, unless on the ground of some equity which has since arisen. The plaintiff's act, in satisfying his mortgage, did not, of itself, do Edwards any harm.

Plaintiff did not discover the existence of the second mortgage till August, 1882, and at once commenced this action. He does not, therefore, retain the fruits of the contract, but endeavors to vacate it altogether by a cancellation of the deed, as well as a restoring of the mortgage.

If the defendants, on examining the record and finding the plaintiff's mortgage canceled, had parted with value and had thereupon taken a deed or mortgage on the land, they would have been protected; because, such is the provision of the recording act (1 R. S., m. p. 756, § 1), taken in connection with the subsequent sections (m. p. 761, 762, §§ 60 [28] and 69 [37] and 70 [38]); and it is only against purchasers in good faith and for a valuable consideration (including mortgagees) that an unrecorded mortgage is invalid. An unrecorded mortgage has priority over a judgment, unless there be some facts making a superior equity. So that if plaintiff's mortgage had never been recorded, it would have had priority over a judgment recovered against Broadwell by these executors. In that case it might be urged that the lender of the money might have trusted the borrower, because his estate appeared to be unincumbered; yet that circumstance would not give the lender preference over an unrecorded mortgage.

Now this present case is not as strong as would be the case of one who had loaned money to Broadwell. Suppose that the executors

had actually loaned money to Broadwell; would they have had equity superior to the plaintiff, whose mortgage had been canceled by fraud? These executors have parted with nothing. They did not even agree to extend the time. All that can be said is that they have neglected to foreclose, in the belief that their mortgage, which was originally a second lien, had become a first, and that by this neglect they are now unable to collect it from this land or from other property of the debtor.

The case of *Fassett* v. *Smith* (23 N. Y., 252) is cited to us. In that case the point on which members of the court disagreed was whether the bank was a *bona fide* purchaser. But it was not claimed that any person had an equity against the plaintiff who desired to restore a canceled mortgage unless such person had obtained a subsequent lien on the property and was a *bona fide* purchaser for value, without notice.

And the difficulty with the executors in this case is that mere neglect to sue does not make them *bona fide* purchasers for value. To put themselves in that position they must have parted with value in consideration of some lien given on the premises or conveyance thereof. All which they did was to delay enforcing an old security, because they thought that old security was good.

They made no new loan and took no new security in reliance on the fact that plaintiff's mortgage was satisfied of record. They will still have what they always had, a second mortgage. But they will not have, what they supposed they had, a first.

The judgment should be affirmed, with costs.

BOCKES and LANDON, JJ., concurred.

Judgment affirmed, with costs.